IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUBA LOPEZ by his Executor, | : | |
| TAMIKA REID | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SELECTIVE INS. CO. OF SOUTH | : | No. 20-1260 |
| CAROLINA | : | |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                           **June 17, 2020**

Yuba Lopez, by his executor, Tamika Reid sued Selective Insurance Company of South Carolina alleging breach of contract and bad faith. Defendant has moved to dismiss the bad faith claim for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted.

**I.     BACKGROUND**

According to the Complaint, on or about January 28, 2019, Plaintiff suffered a direct physical loss to his property, which was covered by an insurance policy issued by Defendant. (Compl. ¶¶ 3-4). Plaintiff filed a claim pursuant to the policy. Plaintiff also provided notice of the loss and a preliminary estimate of damages to Defendant. (*Id.* at ¶ 5). Defendant, however, refused and continues to refuse to pay benefits under the policy. (*Id.* at ¶ 6). Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County alleging breach of contract and bad faith. Notably, Plaintiff's Complaint does not include a copy of the subject insurance policy or allegations regarding the type of policy, property, or peril involved in this dispute. However, based on the 33-page "estimate of loss" attached to Plaintiff's Complaint, this litigation seems to be about water damage in a residential home. The estimate details work to be done on the basement, main

level and second floor of the property (seemingly every room in the home), totaling $167,157.13. (*See* Compl. Ex. "A"). Defendant removed the case to this Court and moved to dismiss the bad faith count of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for "failure to state a claim upon which relief can be granted," the Court must accept as true all factual allegations in the complaint and make all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *McDermott v. Clondalkin Group, Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Factual allegations are descriptions of actual events that the pleader contends took place, as well as any conclusion that could be reasonably drawn about those events. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2019 3d ed.). When a pleading draws a conclusion of fact that does not logically follow from the alleged facts themselves, the conclusion is not a factual allegation entitled to an assumption of truth. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

## III. DISCUSSION

The Court must consider whether the Complaint properly states a claim for bad faith. After careful consideration, the Court finds that it does not.

Under Pennsylvania law, to prevail in a bad faith action pursuant to 42 Pa. C.S.A. § 8371, a plaintiff must establish: "(1) that the insurer did not have a reasonable basis for denying benefits

under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). "A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). He or she cannot simply state the insurer acted unfairly; rather, the complaint "must describe with specificity what was unfair." *Id.*

Here, Plaintiff's Complaint states, "[i]n furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered Loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following conduct", and goes on to list thirteen allegations related to bad faith. (Compl. ¶ 15). Those thirteen allegations include:

> [S]ending correspondence falsely representing that Plaintiff's loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the policy . . . failing to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy . . . failing to pay Plaintiff's covered loss in a prompt and timely manner . . . failing to objectively and fairly evaluate Plaintiff's claim . . . conducting an unfair and unreasonable investigation of Plaintiff's claim . . . asserting Policy defenses without a reasonable basis in fact . . . flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms . . . failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim . . . unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives . . . failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim . . . unreasonably withholding policy benefits . . . acting unreasonably and unfairly in response to Plaintiff's claim . . . unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(Compl. ¶ 15(a)-(m)).

Defendant contends that these thirteen allegations are merely "conclusory" and that "Plaintiff provides absolutely no allegations from which it could be inferred that [Defendant] acted

3

in bad faith." (Mot. to Dismiss Count II of Pl.'s Compl. ¶¶ 8-9). The Court agrees that these allegations are conclusory and do not logically follow from any facts alleged in the Complaint.

The Complaint does not contain any factual allegations that relate to why or how Defendant's basis for denying the claim was unreasonable. Indeed, the Complaint does not include any facts related to Defendant's purported basis for denying the claim or Defendant's actions or omissions in conducting an investigation. Plaintiff's Complaint does not describe the cause or extent of the alleged loss, the provisions of the insurance policy at issue, the date on which Plaintiff made Defendant aware of the loss, or the date on which Defendant initially denied the claim. Plaintiff's conclusory allegations are not supported by specific facts sufficient to state a plausible claim for relief. Courts consistently hold that bare-bones allegations of bad faith such as these, without more, are insufficient to survive a motion to dismiss. *See e.g.*, *Smith v. State Farm Mut. Auto Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) ("the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."); *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (conclusory allegations that an insurer "unreasonably withheld the payment of [UIM] benefits under the policy . . . failed to engage in good faith negotiations . . . failed to perform an adequate investigation" were insufficient to state a claim for bad faith); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, F. Supp. 2d 591, 599 (E.D. Pa. 2010) (allegations of bad faith including, "(a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis" constituted "conclusory legal statements and not factual averments.").

Finally, Plaintiff argues against dismissal by citing to *1009 Clinton Properties, LLC v. State Farm Fire and Cas. Co.*, Civ. A. No 18-5286, 2019 WL 1023889, *5 (E.D. Pa. March 4, 2019). In that case, the court noted, "[i]t is inequitable for an insurance company to hold all the facts

pertaining to a bad faith claim and then move to dismiss the bad faith claim because the plaintiff did not have access to specific facts to plead bad faith." There, the court allowed the case to proceed to discovery. The complaint was nearly identical to the one before this Court and was filed by the same law firm. However, "that case is the outlier, not the standard." *Shetayh v. State Farm Fire and Cas. Co.*, Civ. A. No. 20-693, 2002 WL1074709, at *3 (E.D. Pa. Mar. 6, 2020). This Court is troubled by the fact that the law firm representing Plaintiff seems to have understood the *1009 Clinton* decision as justification for dispensing with *Twombly* and *Iqbal* in pleading bad faith. That is incorrect. Indeed, as the Honorable Judge Jones, II stated in *Clapps v. State Farm Ins. Co.*, -- F. Supp. 3d --, 2020 WL 1308230, at *5 (E.D. Pa. Mar. 19, 2020), "a review of the complaint in that case only underscores the complete lack of factual content alleged here, as Plaintiff's bad faith allegations are simply a verbatim copy of the allegations from that complaint. . . . The federal pleading standards demand more."

Plaintiff failed to state a plausible claim for bad faith. As such, Defendant's motion to dismiss Count II of the Complaint is granted.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's motion is granted. Plaintiff, however, may amend the bad faith claim if he can reasonably do so. An Order consistent with this Memorandum will be docketed separately.