IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUBA LOPEZ by his Executor, TAMIKA REID | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | |
| SELECTIVE INS. CO. OF SOUTH CAROLINA | : : | No. 20-1260 |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                                                                **August 31, 2020**

Yuba Lopez, by his executor, Tamika Reid, sued Selective Insurance Company of South Carolina ("Selective") alleging breach of contract and bad faith. Selective moved to dismiss the bad faith count of Plaintiff's original Complaint for failure to state a claim. This Court granted that motion by Order dated June 17, 2020, but granted Plaintiff leave to amend the Complaint. Plaintiff filed an Amended Complaint on June 22, 2020. Defendant, once again, has moved to dismiss the bad faith count of Plaintiff's Amended Complaint. For the reasons that follow, Selective's motion will be denied.

**I.     BACKGROUND**

On or about January 28, 2019, Plaintiff suffered direct physical loss and damage to his insured property. (Am. Compl. ¶ 7.) Plaintiff provided notice to the Defendant of the covered loss in a prompt and timely manner. (*Id*. ¶ 8.) Plaintiff alleges that the policy required "simply that reasonable steps to maintain heat be taken[.]" (*Id*. ¶ 28(e).) Plaintiff further alleges that the heat maintained at the covered property failed, even after reasonable steps were taken to maintain it. (*Id*. ¶¶ 10-17.) Defendant initially represented that the loss was covered under the policy. (*Id*. ¶ 13.) Additionally, Plaintiff claims that one of Defendant's representatives confirmed that

reasonable steps were taken to maintain heat at the property. (*Id*. ¶ 14.) Plaintiff alleges that Selective accepted that the loss was covered and provided coverage for a portion of the loss, "only to later change positions as a result of the size of the loss[.]" (*Id*. ¶ 28(a).) Ultimately, Defendant refused to pay Plaintiff under the policy. (*Id*. ¶ 18.)

Defendant argues that Plaintiff has again failed to state a claim for bad faith and asks the Court to dismiss the count with prejudice.

## II.   STANDARD OF REVIEW

When deciding a 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and make reasonable inferences in favor of the plaintiff. *McDermott v. Clondalkin Group, Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Therefore, "a complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed." *Myers v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 17-3509, 2017 WL 3891968, at *2 (E.D. Pa. Sept. 6, 2017) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)).

## III.   DISCUSSION

Under Pennsylvania law, a bad faith claim is sufficiently pleaded when the factual allegations in the complaint allow the court to reasonably infer that: (1) the insurer lacked a reasonable basis for denying benefits under the insured's policy; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *Eiceman v. State Farm Fire & Cas. Co.*, Civ.

A. No. 14-684, 2014 WL 12607748, at *2, n.4 (E.D. Pa. June 24, 2014). In *Eiceman*, the plaintiff alleged "the defendant's investigation was done . . . with the sole purpose and intent of establishing exclusionary reasons to deny coverage" and the defendant "had a settled purpose and intent from the outset to deny the claim by establishing false reasons for the damage to plaintiff's home." *Id*. There, the court denied the defendant's motion to dismiss the bad faith claim because plaintiff's factual allegations regarding the insurer's intent, along with the chronology of events, supported the inference that the defendant had no reasonable basis for denying the claim and knew or recklessly disregarded that lack of reasonable basis in denying the claim. *Id*.

Here, the Amended Complaint alleges specific facts that would suggest: (1) Selective lacked a reasonable basis for denying the claim; and (2) Selective knew or recklessly disregarded its lack of a reasonable basis for denying the claim. Much like in *Eiceman*, Plaintiff's Amended Complaint contains specific factual allegations regarding Selective's intent, and it identifies what actions Selective took that were unreasonable. (Am. Compl. ¶¶ 28(a), (e).) The allegation that Defendant acted in bad faith "by unreasonably claiming that heat was not maintained when the policy does not require that heat be maintained, but simply that reasonable steps to maintain heat be taken, all with the intent to deceive Plaintiff about what the policy requires and deny coverage" is not conclusory. (*Id*. ¶ 28 (e)). The allegation that Selective acted in bad faith, "by accepting that the loss was covered and providing coverage for a portion of the loss only to later change positions as a result of the size of the loss", is also not conclusory. (*Id*. ¶ 28(a).) These specific allegations allow the Court to infer *what* Selective did, *why* it was unreasonable, and *how* Selective knew or should have known it was unreasonable. In addition, Plaintiff alleges that Defendant's representative confirmed that he took reasonable steps to maintain heat at the property. (*Id*. ¶ 14.) By accepting these allegations as true, the Court can reasonably infer that Selective knew

3

Plaintiff's claim was covered under the policy, indicated the claim would be covered, and then, once all of the damage was assessed, denied the claim because it was too expensive. Thus, Plaintiff's Amended Complaint is well pleaded and survives a motion to dismiss.

Interestingly, Selective argues now that "discovery will show that the issue is not that Plaintiff took steps to maintain the heat; the issue is that the home—which had been vacant—must be properly maintained." (Def.'s Reply to Pl.'s Resp. in Opp'n at 3.) Defendant goes on to argue,"[w]hile Defendant realizes that the Court is only looking at the factual allegations in the complaint and all reasonable inferences therefrom at this time, Defendant urges that common sense and context here will dictate that discovery will not provide Plaintiff what she needs for her bad faith claim to 'fully materialize'[.]" (*Id.*) Defendant asks the Court to ignore the pleading standard and instead, take its word regarding what discovery will or will not uncover. The Court declines to do so. The factual allegations contained in Plaintiff's Amended Complaint, taken as true, plausibly state a claim for bad faith under Pennsylvania law.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is denied. An Order consistent with this Memorandum will be docketed separately.